**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4138**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JARVIS DEMOND HEMPHILL,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:11-cr-00398-FDW-1)

———————

Submitted: November 17, 2015     Decided: November 19, 2015

———————

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Sandra J. Barrett, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Demond Hemphill appeals his convictions and 141-month sentence imposed following his guilty plea to Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012); brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2012); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Hemphill raises several issues related to his competency to enter a guilty plea. For the reasons that follow, we affirm.

Hemphill first asserts that the Government committed prosecutorial misconduct in failing to request a competency hearing prior to his guilty plea, and the trial court erred in failing to hold such a hearing sua sponte. Because Hemphill did not request a competency hearing in the district court or otherwise challenge the court's failure to hold one, we review this issue for plain error. See United States v. Dreyer, 705 F.3d 951, 960 (9th Cir. 2013) ("[A] district court's failure to conduct a competency hearing on its own motion will always be subject to plain error review."); see also Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (describing plain error standard of review).

During the pendency of a defendant's prosecution, the district court may grant a motion by the Government or defense counsel for a competency hearing, or may sua sponte order such a hearing, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (2012). To determine whether reasonable cause for a competency hearing exists, the court should consider such factors as "(1) any history of irrational behavior; (2) the defendant's demeanor at and prior to [court proceedings]; and (2) prior medical opinions on competency." United States v. General, 278 F.3d 389, 397 (4th Cir. 2002). To show error in the trial court's failure to order a competency hearing, "the defendant must establish that the trial court ignored facts raising a bona fide doubt regarding his competency to [plead]." United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010) (brackets and internal quotation marks omitted).

Hemphill's demeanor during the plea hearing generally demonstrated his comprehension of the proceedings and his ability to communicate effectively with his counsel. While Hemphill's history of mental health challenges was addressed at

3

sentencing, nothing in the record suggests that these difficulties affected his ability to understand the court proceedings or to assist in his defense. Thus, we find no plain error in the district court's or Government's refusal to further inquire into Hemphill's competency.[*]

Hemphill also asserts that he suffered constitutionally ineffective assistance of counsel based on his trial counsel's failure to move for a competency hearing. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that this claim should be raised, if at all, in a § 2255 motion.

---

[*] The Government briefly notes in its response brief that Hemphill entered an appeal waiver that may bar his appeal in part. Because the Government does not address the enforceability of this waiver and has not moved to dismiss the relevant portion of the appeal, we decline to enforce the waiver sua sponte. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>